# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>　　　　　Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PAXTON SALES, INC.,<br><br>　　　　　Defendant. | Adv. Proc. No. 22-50216 (CSS) |

## ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

The defendant Paxton Sales, Inc. ("Paxton"), by and through its undersigned counsel, submits the following Answer to the plaintiff's, Alfred T. Giuliano in his capacity as chapter 7 trustee of Art Van Furniture, LLC, *et al*., (the "Plaintiff") Complaint (D.I. 1). Except as expressly admitted herein, Paxton denies each allegation contained in Plaintiff's Complaint, and denies the Plaintiff is entitled to any relief.

### THE PARTIES[1]

1.　　Paxton lacks knowledge or information sufficient to form a belief about the truth of these allegations, and such allegations are therefore denied. To the extent the allegations of

---

[1] The Plaintiff's headers are included in this Answer for ease of reference. Paxton makes no admission by the use of the Plaintiff's headers.

Paragraph 1 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 1.

2. As to the first two sentences of Paragraph 2 of the Complaint, Paxton lacks knowledge or information sufficient to form a belief as to the trust of these allegations, and such allegations are therefore denied. The remaining allegations of Paragraph 2 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 2.

3. Admitted.

## JURISDICTION AND VENUE

4. The allegations of Paragraph 4 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 4.

5. The allegations of Paragraph 5 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 5. By way of further answer, pursuant to Fed. R. Bank. P. 7012(b), Defendant states that it does not consent to entry of final orders or judgment by the bankruptcy court.

6. The allegations of Paragraph 6 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 6. By way of further answer, pursuant to Del. Bankr. L.R. 7012-1, Paxton does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The allegations of Paragraph 7 of the complaint constitute legal conclusions to

which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 7.

## BASIS FOR RELIEF REQUESTED

8. The allegations of Paragraph 8 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 10.

## FACTS

9. Paxton is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the complaint. To the extent an answer is required, Paxton denies the allegations of Paragraph 9.

10. The allegations of Paragraph 10 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 10.

11. The allegations of Paragraph 11 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 11.

12. The allegations of Paragraph 12 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Paxton incorporates its responses to all preceding paragraphs as if fully set forth herein.

14. The allegations of Paragraph 14 of the complaint constitute legal conclusions to

which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 15.

16.     The allegations of Paragraph 16 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 16.

17.     The allegations of Paragraph 17 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 17.

18.     The allegations of Paragraph 18 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 18.

19.     The allegations of Paragraph 19 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 19.

20.     The allegations of Paragraph 20 of the complaint constitute legal conclusions to which no response is required. To the extent an answer is required, Paxton denies the allegations of Paragraph 20.

21.     Denied, except admit that Paxton has not paid the amount of or turned over any alleged transfers to Plaintiff; denied that Paxton has any obligation to do so.

22.     The allegations of Paragraph 22 of the complaint constitute legal conclusions to

which no response is required.  To the extent an answer is required, Paxton denies the allegations of Paragraph 22.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property – 11 U.S.C. § 550)

23.     Paxton incorporates its responses to all preceding paragraphs as if fully set forth herein.

24.     The allegations of Paragraph 24 of the complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, Paxton denies the allegations of Paragraph 24.

25.     The allegations of Paragraph 25 of the complaint constitute legal conclusions to which no response is required.  To the extent an answer is required, Paxton denies the allegations of Paragraph 25.

**WHEREFORE**, based on the foregoing, any alleged transfers by the Debtors are not recoverable.  Paxton requests that the Court deny the Plaintiff's requests for relief and award Paxton such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees and costs incurred in the defense of this action.

## AFFIRMATIVE AND OTHER DEFENSES

Paxton sets forth below its affirmative and other defenses.  By setting forth the below defenses, Paxton does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, or that the Plaintiff is relieved of its burden to prove each and every element of its claims and alleged damages, if any, to which the Plaintiff believes it is entitled.  Paxton also hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery and other pretrial

proceedings in this action, and hereby reserves the right to amend this Answer and assert such defenses.

**FIRST DEFENSE**

1. The Plaintiff may not avoid the alleged payments to Paxton as such alleged payments were made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Paxton; were made in the ordinary course of business or financial affairs of the Debtors and Paxton; and/or were made according to ordinary business terms, and accordingly are not avoidable pursuant to section 547(c)(2) of the Bankruptcy Code, 11 U.S.C. § 547(c)(2).

**SECOND DEFENSE**

2. The Plaintiff may not avoid the alleged payments made to Paxton to the extent Paxton gave new value to or for the benefit of the Debtors which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise avoidable transfer to or for the benefit of Paxton pursuant to section 547(c)(4) of the Bankruptcy Code, 11 U.S.C. § 547(c)(4).

**THIRD DEFENSE**

3. The Plaintiff is estopped from asserting their claims because the transactions complained of benefited the Plaintiff and were affirmed and completed with the Plaintiff's knowledge, agreement, or acquiescence.

**FOURTH DEFENSE**

4. Although Paxton denies that it owed any amounts to the Plaintiff, in the event the Court determines that amounts are due to the Plaintiff from Paxton, that amount should be offset by any amount determined due to Paxton from the Plaintiff in connection with the same transactions and occurrences.

**FIFTH DEFENSE**

5. The alleged transfers which are the subject of the Complaint may not be recovered

by the Plaintiff pursuant to § 550 of the Bankruptcy Code to the extent Paxton acted in good faith, and gave value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided, pursuant to 11 U.S.C. § 550(b).

## SIXTH DEFENSE

6.      To the extent any executory contract which formed the basis of the alleged transfer from the Plaintiff to Paxton was assumed pursuant to 11 U.S.C. § 365 by the Plaintiff and/or their estates, the Plaintiff may not avoid the alleged transfer under the "Kiwi" doctrine.

## SEVENTH DEFENSE

7.      The Plaintiff's claims are barred in whole or in part by statutes of limitations, including under 11 U.S.C. § 546.

## EIGHTH DEFENSE

8.      To the extent that the Transfers (or any other transfers which Plaintiff seeks to avoid) were otherwise avoidable under 11 U.S.C. § 547(b), such transfers were (A) intended by the Debtors, or any of them, and the creditor to or for whose benefit such transfers were made to be contemporaneous exchanges for new value given to Debtors; and (B) were in fact substantially contemporaneous exchanges.

## NINTH DEFENSE

9.      Plaintiff's claims are barred under 11 U.S.C. § 547(c)(9) to the extent any transfers or debts were less than $6,825.

## PRAYER FOR RELIEF

WHEREFORE, Paxton prays for a final judgment against the Plaintiff as follows:

1.      Granting the relief Paxton requests;

2.      The Plaintiff's Complaint be dismissed in its entirety with prejudice;

3.      That judgment be entered in favor of Paxton;

4.      For reasonable attorney's fees and costs; and

5.      Any other such relief as is just and proper.

Dated: March 31, 2022 Respectfully submitted,

By: */S/ Christopher D. Loizides*
Christopher D. Loizides, Esq. (Bar No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
(302) 654-0248
loizides@loizides.com

OF COUNSEL:

Scott E. Blakeley, Esq.
BLAKELEY LC
530 Technology Drive, #100
Irvine, CA 92618
Phone: (949) 260-0611
Email: SEB@BlakeleyLC.com

*Attorneys for Paxton Furniture Company*